IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

FILED
MAR 26 2020
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**CLEVE ROBERT REID,**

**Plaintiff,**

v.

**ANDREW M. SAUL,**
*Commissioner,*
*Social Security Administration,*

**Defendant.**[1]

CIVIL NO. 2:18cv563

## ORDER

This matter is before the Court on Cleve Robert Reid's ("Plaintiff") objections to Magistrate Judge Miller's Report and Recommendation, which recommends that the Court deny Plaintiff's Motion for Summary Judgment, grant the Commissioner of Social Security Administration's ("Commissioner") Motion for Summary Judgment, and affirm the final decision of the Commissioner. ECF No. 21. For the reasons set forth below, the Court **OVERRULES** Plaintiff's objections to Judge Miller's Report and Recommendation and **ADOPTS** the findings and recommendations therein.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The facts and history of this case are fully set forth in Judge Miller's Report and Recommendation (the "R&R"). ECF No. 21.[2] Therefore, the Court provides only a summary of the relevant events below.

---

[1] Andrew M. Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). See also section 205(g) of the Social Security Act, 42 U.S.C. 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

[2] Page citations are to the Certified Administrative Record filed under seal on January 23, 2019. ECF No. 10.

1

On February 20, 2015, Plaintiff applied for disability insurance benefits ("DIB") from the Social Security Administration. R. at 90, 186. In his application, Plaintiff claims that he became disabled on July 18, 2011, due to such severe anxiety and psychological distress that he could no longer maintain employment. R. at 37–39, 53, 90, 186. The Social Security Administration ultimately denied his application for benefits on May 8, 2015. R. at 90–99. Plaintiff then filed a timely request for a hearing before an administrative law judge ("ALJ"). R. at 33, 123–38. Such hearing was conducted before an ALJ on March 29, 2017. R. at 33. That day, Plaintiff, who appeared with counsel ("Plaintiff's counsel"), and an impartial vocational expert ("the VE") testified before the ALJ. R at 34–67; see also ECF No. 21 at 9–11. Plaintiff's medical records, treatment notes, medical source statements, were also entered into the record as exhibits. ECF No. 21 at 7–9.

On June 2, 2017, the ALJ issued a decision, which denied Plaintiff's application for DIB. R. at 14–28. In reaching this decision, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act. R. at 14–28. Plaintiff filed a request with the Appeals Council to reconsider the ALJ's decision. R. at 5–9. The Appeals Council declined to review the ALJ's decision, at which time such decision became the final decision of the Commissioner. R. at 1–3.

On October 24, 2018, Plaintiff brought the instant action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's final decision. ECF No. 3. On January 23, 2019, the Defendant filed an answer to the Plaintiff's complaint. ECF No. 9. The Court then referred the matter to Magistrate Judge Miller for report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). ECF No. 11. The parties each filed and fully briefed motions for summary judgment. See Pl. Mot. for Summary Judgment, ECF No. 15;

See Commissioner's Cross Mot. for Summary Judgment, ECF No. 18. Briefing for the parties' motions for summary judgment were completed and referred to Judge Miller on May 17, 2019.

On November 1, 2019, Judge Miller issued his Report and Recommendation, which recommends that the Court (1) DENY Plaintiff's Motion for Summary Judgment, (2) GRANT the Commissioner's Motion for Summary Judgment, and (3) AFFIRM the final decision of the Commissioner. ECF No. 21 at 25. By copy of such report, each party was advised of the right to file written objections to Judge Miller's findings and recommendations. Id.

On November 15, 2019, Plaintiff filed objections claiming that Judge Miller erred in finding that the ALJ properly weighed the opinions of Plaintiff's treating physicians and finding that the ALJ's listing determination was supported by substantial evidence. ECF No. 22 at 1,3. The Commissioner responded to said objections on November 29, 2019 and requested this Court to overrule Plaintiff's objections and to adopt Judge Miller's Report and Recommendation. ECF No. 23 at 1. Such objections are now before the Court.

## II. STANDARDS OF REVIEW

### A. REVIEW OF THE REPORT AND RECOMMENDATION

After the Magistrate judge issues a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which [proper] objection is made." 28 U.S.C. § 636(b)(1); see Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," de novo review is unnecessary. Allen v. Coll. of William & Mary, 245 F. Supp. 2d 777, 788 (E.D. Va. 2003) (quoting

Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (internal citations omitted)). Moreover, "[a] mere restatement of the arguments raised in the summary judgment filings does not constitute an objection for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015); see also Hartfield v. Colvin, No. 2:16–CV–431, 2017 WL 4269969, at *7 (E.D. Va. Sep. 26, 2017) ("The Court may reject perfunctory or rehashed objections . . . that amount to 'a second opportunity to present the arguments already considered by the Magistrate Judge.'") (internal citation omitted). If no proper objection is made, the district court need only review the report and recommendation for clear error. See Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

## B. REVIEW OF THE ALJ'S DECISION

When reviewing the Commissioner's denial of benefits under the Social Security Act, the Court "must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation omitted). As the Fourth Circuit has explained:

> Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. . . In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]. . . Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ].

Id. (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)) (internal quotations omitted).

In deciding whether to uphold the Commissioner's final decision, the Court considers the entire record, "including any new evidence that the Appeals Council 'specifically incorporated . . . into the administrative record.'" Meyer v. Astrue, 662 F.3d 700, 704 (4th Cir. 2011) (internal quotation omitted)). If substantial evidence in the record does not support the ALJ's decision, or if the ALJ has made an error of law, the Court must reverse the decision.

Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

### III. PLAINTIFF'S OBJECTIONS

The Court now turns to the Plaintiff's objections to Judge Miller's Report and Recommendation. Plaintiff objects to the R&R on two grounds. See ECF No. 22 at 1,3. First, Plaintiff argues that Judge Miller erred in finding that the ALJ properly weighed the opinions of Plaintiff's treating physicians. Id. at 1. Second, Plaintiff argues that Judge Miller erred in finding that the ALJ's listing determination was supported by substantial evidence. Id. at 3. The Court will address both objections in turn.

#### A. SUBSTANTIAL EVIDENCE TO SUPPORT ALJ'S DECISION TO GIVE PARTIAL WEIGHT TO THE PLAINTIFF'S TREATING PHYSICIANS

Plaintiff first objects to the R&R for recommending that the Court find the ALJ properly weighed opinions of the Plaintiff's treating physicians, Dr. Vaglica and Dr. Schwabish. ECF No. 22 at 1. More specifically, Plaintiff argues that Judge Miller erred by giving only partial weight to the opinions of Plaintiff's treating physicians, Dr. Vaglica and Dr. Schwabish, and by finding Dr. Vaglica and Dr. Schwabish's opinions to be inconsistent with Plaintiff's medical record. Id. Plaintiff argues that the ALJ did not conduct an extensive review of the evidence and only "addressed the benign findings contained within the record, rather than any of the positive findings that would have supported finding Plaintiff's treating physicians' opinions consistent with the record." Id. Plaintiff also argues that Judge Miller accepted the ALJ's "assertion that Plaintiff's impairments improved with medication at face value, even though Plaintiff addressed that there were references in the treatment notes that specifically stated that Plaintiff's condition was not improving." Id. at 1–2. Finally, Plaintiff argues that Judge Miller summarized the ALJ's characterization of Plaintiff's activities of daily living "to further find Dr. Vaglica's and Dr. Schwabish's opinions inconsistent." Id. Plaintiff contends that Judge Miller's summary ignores

5

Plaintiff's argument in his Motion for Summary Judgment that the ALJ mischaracterized his activities of daily living by improperly ignoring his limitations and accommodations needed to perform such activities. Moreover, Plaintiff contends that other districts have found that usage of activities of daily living are not "'good reasons' for discounting the weight granted to a treating physician." Id. 2–3 (citing new case law such as Cole v. Astrue, 661 F.3d 931, 939 (6th Cir. 2011); Johnson v. Comm'r Soc. Sec., 652 F.3d 646, 652 (6th Cir.2011)).[3]

At the outset, the Court notes that every argument contained in this objection was previously presented at the summary judgment stage and considered by Judge Miller. See Mem. Supp. Pl.'s Mot. Summ. J., ECF No. 16 at 7–12. In his R&R, Judge Miller discussed at length the ALJ's decision to give Plaintiff's treating physicians partial weight and ultimately determined:

> Given the well-documented history of Reid's improvement with treatment and medication as well as his self-reported activities of daily living, substantial evidence in the record supports the ALJ's conclusion that the medical source statements "overstate[d] the extent of [Reid's] limitations." Accordingly, the ALJ did not err in assigning them only partial weight.

ECF No. 21 at 19 (internal citations omitted). For this reason, it is difficult to view Plaintiff's objections to the R&R as anything other than a rehashing of the arguments raised in his summary judgment filings, which, as explained above, does not qualify as an objection for purposes of this Court's review. See Nichols, 100 F. Supp. 3d at 497.

Nevertheless, this Court has conducted a de novo review of the issues raised in Plaintiff's objection and concurs with Judge Miller's assessment that the ALJ's decision to give partial weight

---

[3] Plaintiff's reliance on cases such as Cole v. Astrue, 661 F.3d 931 (6th Cir. 2011) and Johnson v. Comm'r of Soc. Sec., 652 F.3d 646 (6th Cir. 2011) are misplaced. In these cases, the respective ALJs either failed to assign a weight or provide any reasons for discounting a medical opinion, or focused on a claimant's ability to do certain activities to discount a treating source opinion where the evidence contradicted the ALJ's finding. Cole, 661 F.3d at 939; Johnson, 652 F.3d at 652. Similarly, Plaintiff's reliance on Nusraty v. Colvin, 15-CV-2018, 2016 WL 5477588 (E.D.N.Y. Sept. 29, 2016) and Mahon v. Colvin, No. 15-CV-02641 (PKC), 2017 WL 1232471 (E.D.N.Y. Mar. 31, 2017) is misplaced because the ALJs in those cases relied on a claimant's reported daily activities as the primary reason for discounting medical opinions. Nusraty, 2016 WL 5477588, *12; Mahon, 2017 WL 1232471, at *15. None of these situations are present here.

6

to Plaintiff's treating physicians opinions was supported by substantial evidence. The ALJ specifically noted that the treating source opinions of Dr. Vaglica and Dr. Schwabish were inconsistent with Plaintiff's "mental status examination findings and treatment notes." R. at 26; ECF No. 21 at 18, 20. The ALJ then described why he gave those exact opinions partial weight. (Id. at 18). Specifically, the ALJ reasoned that Plaintiff's treating physicians' opinions that Plaintiff "had little to no ability to interact with co-workers, supervisors, or the general public, and would be unable to perform reliably and consistently in a work environment" (R. at 389–95, 401–12; ECF No. 21 at 18) were inconsistent with the record and Dr. Vaglica and Dr. Schwabish's repeated findings that Plaintiff "exhibited linear thought processes, an appropriate affect, coherent and goal-directed speech, intact memory, and good immediate recall and concentration." R. at 24–25; ECF No. 21 at 18–19. The ALJ also pointed out that both Plaintiff and his doctors' treatment notes reported that his medication significantly reduced his symptoms. R. at 24–25; ECF No. 21 at 18. Based on this evidence, the ALJ concluded that the medical source opinions "overstate[d] the extent of [Reid's] limitations." Therefore, the ALJ's decision to give partial weight to Plaintiff's treating physicians was supported by substantial evidence. R. at 26; ECF No. 21 at 19. Accordingly, Plaintiff's objection to Judge Miller's Report and Recommendation is **OVERRULED**. ECF No. 22.

### B. Substantial Evidence to Support ALJ's Decision that Plaintiff Did not Meet or Medically Equal a Listing

Plaintiff next asserts that Judge Miller erred in finding that the ALJ properly concluded that Plaintiff did not meet or medically equal a listing. ECF No. 22 at 3. Plaintiff argues that Judge Miller "relied upon the same under-nuanced description of Plaintiff's activities of daily living and benign treatment notes. . . [which did] not provide substantial evidence to show that Plaintiff did not meet or medically equal a listing." Id.

Plaintiff asserts two instances where Judge Miller allegedly relied on the ALJ's "under-nuanced descriptions" to conclude that the ALJ reached a proper finding. First, Plaintiff argues that Judge Miller's finding that the ALJ properly determined that Plaintiff was only moderately limited in his ability to understand, remember and apply information was flawed because the ALJ did not considered the Plaintiff's full record. Id. Plaintiff contends that if Judge Miller and the ALJ looked at the entire record, they would have seen that "Plaintiff had regressed and was only functioning in a narrow comfort zone." Id. at 4. Second, Plaintiff contends that Judge Miller's finding that the ALJ properly relied upon Plaintiff's activities of daily living in order to find him less limited was flawed because the ALJ did not properly consider the accommodations required for Plaintiff to be able to perform these activities. Id. Finally, Plaintiff argues that Judge Miller's R&R should be rejected because he accepted the ALJ's "accounting of the record and Plaintiff's activities at face value, without considering the additional limitations[.]" Id.

As with Plaintiff's first objection, this argument was presented before Judge Miller in Plaintiff's Motion for Summary Judgment. See Mem. Supp. Pl.'s Mot. Summ. J., ECF No. 16 at 15–18. Judge Miller reviewed these contentions and rejected it. ECF No. 21 at 21–25. Plaintiff now makes an objection in order to rehash his arguments. The Court may reject this rehashing. Gonzalez-Ramos, 360 F. Supp. 2d at 376; see Riddick, 2013 WL 1192984 at *1 n.1.

Despite this discretion, the Court reviewed this objection de novo and concurs with Judge Miller's assessment that the record contains substantial evidence to support the ALJ's finding that Plaintiff's mental impairments did not meet or medically equal a listed impairment. In fact, both the R&R and the record as a whole provide sufficient evidence to support a finding that Plaintiff suffered only a moderate mental limitation. R. 20–22; Mem. Supp. Pl.'s Mot. Summ. J., ECF No. 16 at 13–14. For example, the Plaintiff's own descriptions of certain activities of daily living such as Plaintiff's ability to attend night classes twice a week and travel by bus to New York for his medical

appointments, help support a finding that Plaintiff suffered only a moderate mental limitation in interacting with others. ECF No. 21 at 23. Additionally, Plaintiff's treatment notes which stated that Plaintiff "'generally presented as alert, oriented, and cooperative' and contained no evidence of psychosis or delusional thoughts" supports a finding that Plaintiff had only a moderate mental limitation. R. at 21; ECF No. 21 at 24. Therefore, the ALJ's finding that Plaintiff's mental impairments did not meet or medically equal a listed impairment is supported by substantial evidence. Accordingly, Plaintiff's second objection to Judge Miller's R&R is **OVERRULED**. ECF No. 22.

## IV. CONCLUSION

As set forth above, the Court has conducted a <u>de novo</u> review of the relevant portions of the R&R to which objection has been made and concurs with the findings and recommendations of the magistrate judge. Therefore, the Court **OVERRULES** the Plaintiff's objection, ECF No. 22, to Judge Miller's R&R.

Furthermore, the Court has reviewed the remainder of the R&R along with the record of this case and finds no clear error. Accordingly, the Court hereby **ADOPTS** Judge Miller's R&R, ECF No. 21, and **ORDERS** as follows:

The Commissioner's Motion for Summary Judgment is **GRANTED**. ECF No. 18. Plaintiff's Motion for Summary Judgment is **DENIED**. ECF No. 15. The Commissioner's decision denying disability benefits to Plaintiff is **AFFIRMED**.

Plaintiff is **ADVISED** that he may appeal from this Order by forwarding a written notice of appeal to the Clerk of the United State District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED**.

Norfolk, VA
March 25, 2020

/s/
Robert G. Doumar
Senior United States District Judge